

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2009

# Arthur Hairston Sr. v. Gronolsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3995

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Arthur Hairston Sr. v. Gronolsky" (2009). *2009 Decisions.* Paper 442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-285                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3995
_____

ARTHUR L. HAIRSTON, Sr.,

                                              Appellant

v.

WARDEN GRONOLSKY; MEDICAL DEPARTMENT;
PHARMACY DEPARTMENT;
REGIONAL DIRECTOR NORTHERN REGION;
CENTRAL OFFICE MEDICAL; ADVISORY BOARD PHARMACY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-01349)
District Judge:  Honorable Renee Marie Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 13, 2009
Before:  RENDELL, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed: October 15, 2009)

_____

OPINION
_____

PER CURIAM

        Arthur Hairston, a federal prisoner proceeding pro se, appeals the District Court's

order denying his motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and administratively terminating his civil action. We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's order for an abuse of discretion. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003). We will affirm.

On March 17, 2008, Hairston filed a complaint (which, we note, is properly considered as one brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)) in the United States District Court for the District of New Jersey, alleging that prison officials were deliberately indifferent to his medical needs. The District Court issued a Memorandum Order on April 10, 2008, directing that the case be administratively terminated without the complaint being filed or the filing fee assessed. The Clerk was instructed to send Hairston a form in forma pauperis application. Hairston was instructed that if he wished to reopen the case, he was to notify the court in writing within thirty days and to include either a completed in forma pauperis application or the appropriate filing fee. Hairston responded in a timely manner with the filing of an in forma pauperis affidavit. Hairston, however, refused to sign the affidavit and the accompanying account certification form, instead noting that he "will never enter into another extortion contract with the B.O.P. and the federal government."

The District Court entered an order on April 30, 2008, denying Hairston's in forma pauperis motion and instructing him, for a second time, to notify the court and submit a completed application or the filing fees within thirty days if he wished to reopen the

proceedings. The court specifically directed Hairston to file a signed affidavit and to provide a six month account statement should he wish to proceed in forma pauperis. While Hairston submitted a timely in forma pauperis motion, he once again refused to provide authorization for the withdrawal of funds or to provide an updated account statement. Given Hairston's continued refusal to comply with the District Court's directive, a third order was issued on September 10, 2008, denying Hairston's latest in forma pauperis application and ordering that the case remain closed. A timely appeal to this Court followed.

As directed by the case opening letter from this Court's Clerk's Office, Hairston sought leave to proceed in forma pauperis on appeal. However, as in the District Court, Hairston failed to provide the specific financial information requested on the form and refused to authorize the withdrawal of funds from his prison account. In a Clerk's Order issued on October 23, 2008, Hairston was advised, inter alia, that his in forma pauperis motion would be held in abeyance pending submission of additional documents. Much like his actions in the District Court, Hairston submitted the requested documents but refused to include the financial information requested, refused to sign the addendum and refused to authorize the withdrawal of funds from his prison account to pay the appellate fees which would be assessed against him. Accordingly, the Clerk issued an order on December 1, 2008, construing Hairston's statements as a challenge to the assessment of the filing fee and referring his in forma pauperis motion to a panel of the Court.

We issued an order on March 5, 2009, denying Hairston's challenge to the assessment of the appellate filing and docketing fees. In that order, we noted that a prisoner's legal obligation to pay such fees is incurred by the filing of the notice of appeal in forma pauperis. See 28 U.S.C. § 1915(b)(1); see also Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999), quoting Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997) ("Whether [the prisoner] authorized the prison to disburse the money is neither here nor there. How much a prisoner owes, and how it will be collected, is determined entirely by the statute and is outside the prisoner's (and the prison's) control once the prisoner files the complaint or notice of appeal."). Accordingly, we held Hairston's in forma pauperis motion in abeyance, afforded him an opportunity to withdraw the appeal, and warned him that, if a motion to withdraw the appeal were not filed, the Clerk would be directed to enter an appropriate order regarding assessment of the fees and the merits of the appeal would be considered. Hairston has not sought to withdraw the appeal, the appropriate assessments have been made, and this appeal is now ripe for disposition.

Upon careful review of the record, we conclude that the District Court did not abuse its discretion in administratively terminating Hairston's civil action and ordering that the case remain closed. Arguably, the documents submitted by Hairston were sufficient to allow the District Court to evaluate his indigency status, and Hairston's legal obligation to pay the filing fee was incurred by the initiation of the action itself. See Hall v. Stone, 170 F.3d at 707. However, we do not hesitate to conclude that Hairston's

3

conduct amounts to a willful failure to respond to the order issued by the District Court on two separate occasions, and "evidences an intent to flout the District Court's instructions" on proper compliance with the provisions of 28 U.S.C. § 1915. <u>Redmond v. Gill</u>, 352 F.3d at 803.

Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.